

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00083-CV
_____

STEPHEN PATRICK BLACK, APPELLANT

V.

CHARLES P. WOODRICK, APPELLEE

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCV-20106-19; Honorable Felix Klein, Presiding

March 23, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Stephen Patrick Black, proceeding *pro se* and *in forma pauperis*, files this appeal from the trial court's order dismissing his libel suit against Appellee, Charles P. Woodrick.  By his original brief and reply brief, Black maintains the trial court erred in dismissing the suit.  We reverse the order of the trial court.

BACKGROUND

Black was convicted of indecency with a child and sentenced to twelve years confinement in 2006. On April 7, 2016, after his release from prison, he was civilly committed pursuant to the provisions of chapter 841 of the Texas Health and Safety Code, as a "sexually violent predator." *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.003, 841.081 (West 2017).

The Texas Civil Commitment Office (TCCO) is a state agency charged with the task of providing long-term, comprehensive, intensive supervision and treatment for sexually violent predators. Woodrick is a psychologist contracted by the TCCO to conduct biennial examinations of sex offenders as required by statute.[1] On January 24, 2018, Woodrick was asked to evaluate Black and generate a report. Black was notified by letter of his upcoming biennial examination and agreed to the examination. Woodrick performed the examination on February 21, 2018, and submitted his report to the TCCO on April 3, 2018. After Black reviewed a copy of the report, he requested that certain inaccuracies be corrected. Specifically, he asserted the report incorrectly recited that he had five counts for indecency with a child instead of the one charge on which he had been convicted and that the county in which he was convicted was incorrect.[2]

When Woodrick did not comply with Black's request, Black sued him for defamation on February 20, 2019. On April 29, 2019, Woodrick filed a *Motion to Dismiss*

---

[1] Section 841.001(a) of the Texas Health and Safety Code provides that the "office" shall contract for an expert to perform the examination. § 841.001(a) (West 2017). "Office" is defined as the "Texas Civil Commitment Office." § 841.002(4).

[2] At the hearing in the underlying case, Woodrick suggested that Black may be confusing "counts" with "convictions." A reference was made that Black was charged with multiple counts but then pleaded guilty and was convicted on "Count V." The judgment in the record reflects a conviction for indecency with a child by contact on "Count V."

alleging two grounds.  First, he argued that under Rule 91a of the Texas Rules of Civil Procedure, the suit was baseless because the biennial evaluation he submitted to the TCCO was made in the course of a judicial proceeding and therefore, not actionable. Second, he invoked the Texas Citizens Participation Act (TCPA) asserting that Black's suit was intended to chill his right to free speech and his right to petition.

Eight months passed without a ruling on Woodrick's *Motion to Dismiss,* when on January 16, 2020, the trial court granted the motion with prejudice.  The trial court's order did not specify whether dismissal was granted pursuant to Rule 91a or under the TCPA.

By his original brief, Black presents a single global issue challenging the trial court's order solely on the basis of the TCPA.  One of his arguments is that the trial court failed to rule within the statutorily mandated deadline of the TCPA and that, therefore, the motion was denied by operation of law.

Woodrick further contends the trial court properly dismissed the suit pursuant to Rule 91a because he has immunity from suit.  He further maintains that Black waived any argument under Rule 91a by failing to brief the issue.  By reply brief, Black asserts he did not waive his right to argue issues related to Rule 91a because any arguments were moot based on the trial court's untimely hearing on Woodrick's motion to dismiss.  For the following reasons, we agree with Black that the trial court erred in granting Woodrick's *Motion to Dismiss* under the TCPA.  With respect to Rule 91a, we further find the issue of waiver to be moot because the only basis on which the trial court could have granted the motion to dismiss was the TCPA.  Because the trial court had no authority to grant a dismissal pursuant to Rule 91a, there was no need for Appellant to negate that rule as a basis for the court's ruling.

3

**DISMISSAL UNDER THE TEXAS CITIZENS PARTICIPATION ACT[3]**

The stated purpose of the TCPA is to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (West 2020); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017). To effectuate the purpose of the TCPA, the Legislature included an expedited manner of dismissing claims brought to intimidate or to silence a movant's exercise of certain enumerated First Amendment rights. § 27.003 (West 2020). *See Coleman*, 512 S.W.3d at 898.

Section 27.005 provides that a court must rule on a motion to dismiss filed under section 27.003 "not later than the 30th day following the date of the hearing on the motion." § 27.005 (West Supp. 2020). Section 27.008 further provides that if a court does not timely rule on the motion, "the motion is considered to have been denied by operation of law . . . ." § 27.008 (West 2020).

**ANALYSIS**

The trial court held a hearing on Woodrick's *Motion to Dismiss* on July 5, 2019. Under section 27.005 of the TCPA, a ruling was required no later than August 5, 2019.[4]

---

[3] The TCPA was amended effective September 1, 2019, to narrow its application. Because Black's suit was filed before the effective date, the former version of the Act applies. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 11, 2019 Tex. Gen. Laws 684, 687. However, we express no opinion on the applicability of the TCPA to Black's underlying suit.

[4] The 30th day following the date of the hearing on the motion to dismiss was Sunday, August 4, 2019. Accordingly, the deadline would have been extended to Monday, August 5, 2019, pursuant to Rule 4 of the Texas Rules of Civil Procedure.

Accordingly, the trial court's dismissal order signed on January 16, 2020, was untimely, and under section 27.008, the *Motion to Dismiss* was denied by operation of law. Accordingly, we sustain Black's issue as it pertains to a dismissal pursuant to the TCPA.

### RULE 91a DISMISSAL

As we previously mentioned, the trial court's order does not specify whether it was granted under Rule 91a or pursuant to the TCPA—the two grounds on which dismissal was originally sought. Ordinarily, in such a situation, in order to reverse an order granting relief the appealing party would have to negate every basis on which the trial court could have granted the complained-of relief. Here, however, one of those grounds had been negated before the trial court ever held its hearing; and, accordingly, it could not have served as a basis of supporting that relief on appeal.

### ANALYSIS

Rule 91a provides a procedure for dismissal of a case that has no basis in law or no basis in fact. TEX. R. CIV. P. 91a. Relevant to Black's mootness argument is Rule 91a.3(c) which provides that a motion to dismiss must be "granted or denied within 45 days after the motion is filed."[5] As noted above, Woodrick's *Motion to Dismiss* was filed on April 29, 2019. Therefore, pursuant to Rule 91a.3(c), any ruling on the motion had to have been made on or before June 13, 2019. Since the trial court did not conduct its hearing until July 5, 2019, long after the June 13 deadline, Rule 91a could not have served as a basis for its ruling.

---

[5] The rule does not impose a consequence for failing to timely rule on a motion to dismiss. *MedFin Manager, LLC v. Stone*, No. 04-19-00662-CV, 2020 Tex. App. LEXIS 6838, at *6 (Tex. App.—San Antonio Aug. 26, 2020, no pet.). Failure to timely rule on a motion to dismiss is error but is not jurisdictional. *Id.* at *7.

Under either analysis, we conclude the trial court erred in attempting to grant a motion to dismiss which it could no longer consider. We sustain Black's issue.

**CONCLUSION**

The trial court's *Order on Defendant's Motion to Dismiss* signed on January 16, 2020, is reversed and the cause is remanded to the trial court for further proceedings.

Per Curiam